Michael J. Frevola (MJF 8359)
Christopher R. Nolan (CRN 4438)
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200
ATTORNEYS FOR PLAINTIFF
NORTH OFFSHORE AS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| NORTH OFFSHORE AS, | |
|---|---|
| Plaintiff, | 07 Civ. 3095 (SHS) |
| -against- | **VERIFIED AMENDED COMPLAINT** |
| ROLV BERG DRIVE AS, | |
| Defendant. | |

Plaintiff, North Offshore AS ("Plaintiff" or "North Offshore"), by and through its attorneys, Holland & Knight LLP, for its verified amended complaint against Rolv Berg Drive AS ("Defendant" or "RBD"), alleges, upon information and belief, as follows:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and also falls within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 in that it involves claims for charter hire, crew costs, and other costs arising out of the breach of a maritime contract involving the charter of a vessel, which claim, following arbitral proceedings between the parties, was reduced to a Final Arbitration Award. Jurisdiction is also proper pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

2. At all times material herein, plaintiff North Offshore was and is a business entity organized and existing under the laws of Norway and maintains a place of business at Strandveien 106 Lanes Center, 9008 Tromsø, Norway. North Offshore previously was known by the name Troms Offshore AS. Although certain events related below occurred while North Offshore was named Troms Offshore AS, Plaintiff will use "North Offshore" throughout for ease of reference.

3. Upon information and belief, at all times material herein, defendant RBD was and still is a business entity organized under the laws of Norway with an address at Søndre Tollbodgate 15, PO Box 96, N-9251 Tromsø, Norway.

4. By a time charter party dated February 16, 2004, North Offshore, as owner, entered into a three-year charterparty with RBD, as charterer for the vessel ALDOMA (the "Vessel") on an amended SUPPLYTIME 89 form (the "Charter").

5. In turn, RBD sub-chartered the Vessel to the Oil & Natural Gas Corporation of India ("ONGC"), a non-party to this action.

6. Under the terms of the Charter, disputes between North Offshore and RBD were to be resolved by arbitration in Norway pursuant to Norwegian law.

7. Disputes subsequently arose between North Offshore and RBD under the Charter, as a result of which North Offshore commenced an arbitration against RBD in Norway seeking crew costs and costs relating to crew changes arising from improper acts by RBD under the Charter.

8. RBD responded to North Offshore's arbitration demand by appointing an arbitrator and participating in the arbitration with representation by counsel.

9. On September 1, 2006, the Norwegian arbitration panel ("Panel") found in favor of North Offshore, awarding it damages for a variety of actions taken by RBD or costs incurred by North Offshore, including but not limited to (a) RBD's unilateral deduction of charter hire for unsupported crew costs, and (b) North Offshore's expenses related to the replacement of the Vessel's crew.

10. As a result of these findings, the Panel awarded North Offshore the following in the September 1, 2006 arbitration award:

   a. US$150,487.97 in principal plus interest pursuant to Norwegian law, which interest to date totals US$26,797.59, for a total amount owing to date as US$177,275.56; and

   b. NOK 223,696.52 in principal plus interest pursuant to Norwegian law, which interest to date totals NOK 24,584.52, for a total amount owing to date as NOK 248,281.04 (which amount converts to US$41,611.81 at yesterday's published exchange rates).

11. The Panel subsequently issued a second award on April 13, 2007 for additional claims made by North Offshore, awarding it damages for a variety of actions taken by RBD or costs incurred by North Offshore, including but not limited to (a) RBD's unilateral deduction of charter hire for an alleged off-hire event lasting 7.82 days which the Panel held to be unjustified, (b) RBD's unilateral deduction of hire for maintenance days despite the Charter providing that such days were to count as on-hire periods, and (c) RBD's continued improperly-documented and deducted crew costs for the period between April and December 2006.

12.  As a result of these findings, the Panel awarded North Offshore the following in the April 13, 2007 arbitration award:

    a. US$165,890.40 in principal plus interest pursuant to Norwegian law, which interest to date totals US$19,004.95, for a total amount owing to date as US$184,895.35;

    b. NOK 170,252.56 in principal plus interest pursuant to Norwegian law, which interest to date totals NOK 20,641.26, for a total amount owing to date as NOK 190,893.82 (which amount converts to US$31,993.74 at yesterday's published exchange rates); and

    c. US$46,000.00 in principal plus interest pursuant to Norwegian law, which interest to date totals US$1,906.34, for a total amount owing to date as US$47,906.34.

13.  Since Plaintiff filed its original verified complaint, Defendant RDB has paid all of the aforementioned two arbitration awards with the exception of $7,500.00 owing under the September 1, 2006 award and $42,500.00 under the April 13, 2007 award.

14.  Since Plaintiff filed its original verified complaint, an additional unliquidated claim for hire in the amount of $270,000.00 has matured. Plaintiff therefore seeks security for that claim in addition to the remaining $50,000.00 outstanding from Plaintiff's original verified complaint. Plaintiff therefore requests the following amended amounts be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims against Defendant RBD:

    a. the remainder of payment due on the final arbitration awards in the combined amount of US$50,000.00;

4

  b.  the outstanding hire claim in the amount of $270,000.00;

  c.  attorneys' fees and interest on the outstanding hire claim in the amounts of $54,000.00 and $75,000.00, respectively, for a total of $129,000.00;

for a amount of US$449,000.00. Plaintiff also reserves its right pursuant to Rules B and E to seek additional security should the foregoing amount prove insufficient to secure the full amount of Plaintiff's claim.

  15. Upon information and belief, and after investigation, RBD is not found within the Southern District of New York but does have assets, good or chattels within the jurisdiction, to wit: funds or accounts held in the name (or names) of Rolv Berg Drive AS with, upon information and belief, the following financial institutions: Bank of America, N.A.; Bank of China; The Bank of New York; Citibank, N.A.; Deutsche Bank Trust Company Americas; HSBC Bank USA, N.A.; JPMorgan Chase Bank, N.A.; UBS AG; Wachovia Bank, N.A.; Société Générale; Standard Chartered Bank; BNP Paribas; Calyon Investment Bank; American Express Bank; Commerzbank; ABN Amro Bank; Bank Leumi USA; Fortis Financial Groups; Banco Popular; Bank of Tokyo-Mitsubishi UFJ Ltd.; China Trust Bank; Great Eastern Bank; Industrial Bank of Korea; Nara Bank; Shin Han Bank; United Orient Bank or any other financial institution within the Southern District of New York.

  16. The New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* provides that foreign arbitral awards may be recognized and enforced as judgments of the United States. Accordingly, the final arbitration award is entitled to summary recognition and enforcement as a judgment of this Court.

**WHEREFORE**, North Offshore demands judgment as follows:

A.  That process in due form of law according to the practice of this Court in the form of a writ of maritime attachment be issued against bank accounts and other property of Defendant RBD with the financial institutions noted above in paragraph 15;

B.  That Defendant RBD and any other person claiming an interest therein may be cited to appear and answer the matters aforesaid;

C.  That judgment be entered in favor of Plaintiff North Offshore and against Defendant RBD in the amount of US$449,000.00 (including estimated interest and attorneys' fees);

D.  That the final arbitration award be recognized as a Judgment of this Court pursuant to 9 U.S.C. §201 *et seq.;* and

E.  That this Court grant North Offshore such other and further relief which it may deem just and proper.

Dated: New York, New York
       May 25, 2007

                        HOLLAND & KNIGHT LLP

                        By: *[signature]*
                            Michael J. Frevola (MJF 8359)
                            Christopher R. Nolan (CRN 4438)
                            195 Broadway
                            New York, NY 10007-3189
                            Tel:   (212) 513-3200
                            Fax:   (212) 385-9010

                            *Attorneys for Plaintiff North Offshore AS*

## VERIFICATION

STATE OF NEW YORK            )
                             :ss.:
COUNTY OF NEW YORK           )

MICHAEL J. FREVOLA, being duly sworn, deposes and says:

I am a member of the firm of Holland & Knight LLP, counsel for North Offshore AS, plaintiff in the foregoing action. I have read the foregoing Verified Amended Complaint and know the contents thereof, and the same are true and correct to the best of my knowledge. I have reviewed documentation provided to me by North Offshore AS and corresponded with North Offshore AS representatives regarding this matter. I am authorized by North Offshore AS to make this verification, and the reason for my making it as opposed to an officer or director of North Offshore AS is that there are none within the jurisdiction of this Honorable Court.

_____
Michael J. Frevola (MJF 8359)

Sworn to before me this
25th day of May, 2007

_____
Notary Public

# 4558041_v1

RUDY D. GREEN
Notary Public, State of New York
No. 02GR4952723
Qualified in Queens County
Certificate Filed in New York County
Commission Expires February 26, 2010