BLANK ROME LLP
Attorneys for Defendant
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORTH OFFSHORE AS,<br><br>        Plaintiff,<br><br>- against -<br><br>ROLV BERG DRIVE AS,<br><br>        Defendant. | 07 CV 3095 (SHS)<br><br>**VERIFIED ANSWER AND COUNTERCLAIM UNDER ADMIRALTY RULE E(7) OF SUPPLEMENTAL RULES FOR ADMIRALTY OR MARITIME CLAIMS AND ASSET FORFEITURE CLAIMS OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

Defendant ROLV BERG DRIVE AS ("RBD") answers the Rule B complaint of NORTH OFFSHORE AS ("NO" or "Plaintiff") and states as follows upon information and belief:

    1.    Admits the allegations in Paragraph 1 of the Complaint.

    2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

    3.    Admits the allegations in Paragraph 3 of the Complaint.

900200.00001/6569815v.1

4. Admits the allegations in Paragraph 4 of the Complaint.

5. Admits the allegations in Paragraph 5 of the Complaint.

6. Admits the allegations in Paragraph 6 of the Complaint.

7. Admits the allegations in Paragraph 7 of the Complaint.

8. Admits the allegations in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint is a legal conclusion that Defendant is not obliged to answer or deny but admits that an arbitration award dated on or about September 1, 2006 was published in Plaintiff's favor.

10. Paragraph 10 is a legal conclusion that Defendant is not obliged to answer or deny but refers to the award dated on or about September 1, 2006 for its contents.

11. Paragraph 11 is a legal conclusion that Defendant is not obliged to answer or deny but admits that an award dated on or about April 13, 2007 was published in Plaintiff's favor.

12. Paragraph 12 contains legal conclusion which Defendant is not obliged to answer but, as to alleged interest calculations such allegations are denied.

13. Denies knowledge or information sufficient to form a belief as to the allegations in ¶ 13.

14. Admits the allegations in Paragraph 14 of the Complaint.

15. Denies the allegations in Paragraph 15 of the Complaint.

16. Paragraph 16 contains legal conclusions that Defendant is not obliged to answer or deny.

900200.00001/6569815v.1

17.  Paragraph 17 contains legal conclusions that Defendant is not obliged to answer or deny.

## AFFIRMATIVE DEFENSES

### FIRST

1.  The Court lacks personal jurisdiction over Defendant which is specifically not waived by an appearance herein pursuant to Supplemental Rule E(8).

### SECOND

2.  The Complaint fails to state a cause of action upon which relief may be granted.

### THIRD

3.  The Complaint must be stayed or dismissed under 9 U.S.C. § 1 et seq. and §§ 201, et seq. in favor of the pending Arbitration.

### AS AND FOR A COUNTERCLAIM UNDER SUPPLEMENTAL RULE E(7)

4.  RBD entered into a charter party agreement (the "Charter") with North Offshore as referenced in paragraph 4 of the Verified Complaint.

5.  As Plaintiff alleges in paragraph 7 of the Verified Complaint Plaintiff has commenced an arbitration in Norway (the "Arbitration").

6.  RBD has nominated an arbitrator in the Arbitration and makes this application for security on its counterclaim strictly without prejudice to the Arbitration.

7.  RBD has a monetary claim in a sum as presently may be determined of at least $14 million issuing from the wrongful refusal to renew the Charter.

-3-

8. RBD is also entitled to an award of interest and legal fees and costs in the Arbitration which it calculates as follows:

|   |   |   |
|---|---|---|
| A. | Principal Claim: | $13,505,000 |
| B. | 3 years interest at 6% p.a.: | $ 2,430,900 |
| C. | Attorneys' and arbitrators' fees and costs: | $   300,000 |
|   | TOTAL | $16,235,900 |

9. RBD is therefore entitled to counter-security pursuant to Supplemental Rule E(7) in the sum of at least $16,235,900.

10. RBD reserves its rights to alter and amend its counterclaims to seek further and additional security from Plaintiff and others that may be liable.

11. Under the terms of the Charter RBD had an option for an extension of the Charter upon its expiry, which it exercised.

12. RBD, in turn, entered into a new contract with its previous sub-charterer Oil & Natural Gas Corp. ("ONGC") in respect of which it intended to use the vessel under the extended Charter.

13. Plaintiff repudiated RBD's exercise of its renewal option and renewal of the Charter in breach of the Charter.

14. Plaintiff's breach caused RBD damages including but not limited to the difference between rates upon which RBD would have "Sub-let" the vessel under the renewed Charter to ONGC of $7,400 per day over the five year back-to-back term or approximately $13,505,000.

-4-

15. North Offshore has failed to pay bunker invoices in the sum of $157,844 for which RBD may be held liable.

16. In addition, ONGC has made a claim on RBD's performance bond in the sum of $442,150, in respect of which RBD reserves its right to seek further security.

WHEREFORE RBD respectfully prays that an order be entered directing Plaintiff post countersecurity in a form acceptable to the Court in the sum of $16,235,900, or such other amount as the Court may determine pursuant to Supplemental Rule E(7) and provide such other relief, as may be fair and equitable.

Date: New York, New York
August 27, 2007

Respectfully submitted,

BLANK ROME LLP

By: _____
Jeremy J.O. Harwood
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

*Attorneys for Defendant*

STATE OF NEW YORK       )
                        : ss.:
COUNTY OF NEW YORK      )

### VERIFICATION

JEREMY J.O. HARWOOD, being duly sworn, deposes and says:

1.  That he is a member of the firm of Blank Rome LLP attorneys for the defendant ROLV BERG DRIVE AS herein; that he has read the foregoing Answer and Counterclaim and knows the contents thereof and that the same is true to the best of his knowledge, information and belief.

2.  That the reason this verification is made by deponent and not by RBD is that RBD is a corporation, no officers or directors of which are now within this district.

3.  The sources of deponent's information and the grounds for his belief are statements made by and documents received from Owner's representatives.

JEREMY J.O. HARWOOD

Sworn to before me this
27th day of August, 2007

_____
Notary Public


NEAL MITCHELL
Notary Public, State of New York
No. 01MI6114408
Qualified in New York County
Commission Expires Aug. 16, 20__

-6-

900200.00001/6569815v.1