```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/15/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORTH OFFSHORE AS,

    Plaintiff,

-against-

ROLV BERG DRIVE AS,

    Defendant.

07 Civ. 3095 (SHS)

**CONSENT ORDER DIRECTING THE TURNOVER OF ATTACHED FUNDS SUBJECT TO RULE B(1) ATTACHMENT AND DISMISSAL OF LAWSUIT WITHOUT PREJUDICE**

**WHEREAS** on or about April 17, 2007, North Offshore AS ("North Offshore") instituted this action against Rolv Berg Drive AS ("RBD") pursuant to Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Rule B"); and

**WHEREAS**, this action was instituted as a supplemental security proceeding related to Norwegian arbitration proceedings pending between the parties concerning RBD's time charter from North Offshore of the M/V ALDOMA (the "Vessel"), in which arbitration proceedings the Norwegian arbitration panel awarded North Offshore: (1) by award dated September 1, 2006 the principal amounts of US$150,487.97 and NOK 223,696.52, and (2) by award dated April 13, 2007 the principal amounts of US$165,890.40, NOK 170,252.56, and US$46,000.00 (collectively, the "Norwegian Awards"); and

**WHEREAS**, North Offshore demanded arbitration from RBD on January 17, 2008 for claims totaling USD$962,670.40 plus interest arising out of the final portion of the Vessel's time on charter to RBD, which arbitration remains pending (the "Pending Norwegian Arbitration");

**WHEREAS**, North Offshore has served Process of Maritime Attachment and Garnishment (the "PMAG") on various garnishees including ABN AMRO Bank N.V. ("ABN AMRO"), JPMorgan Chase Bank, N.A. ("JPM"), and Bank of New York Mellon ("BONY") (collectively, the "Garnishees"); and

**WHEREAS**, pursuant to service of the PMAG upon them, ABN AMRO has confirmed that it is holding certain funds in the form of Electronic Funds Transfers belonging to RBD in the amount of $439,807.49, JPM has confirmed that it is holding certain funds in the form of Electronic Funds Transfers belonging to RBD in the amount of $20,310.12, and BONY has confirmed that it is holding certain funds in the form of Electronic Funds Transfers belonging to RBD in the amount of $2,400.00, thus totaling the collective sum of $462,517.61 (the "Attached Funds"); and

**WHEREAS**, RBD warrants and stipulates through its counsel that the Attached Funds are RBD's property and that RBD has authority to release them, and that RBD agrees to hold North Offshore harmless and to indemnify Plaintiff for any damages (including attorneys' fees) should third parties claim an interest in the Attached Funds or otherwise raise claims against North Offshore as a result of the release and/or attachment of the Attached Funds; and

**WHEREAS**, RBD commenced a related proceeding before this Court, captioned *Rolv Berg Drive AS v. North Offshore AS et al.*, *07 Civ. 11502 (SHS)* (the "RBD Rule B Proceeding"), in which RBD obtained a maritime attachment against North Offshore and Troms Offshore AS pursuant to Rule B as a supplementary proceeding to RBD's lawsuit against North Offshore pending in the Norwegian courts ("RBD's Norwegian Lawsuit"); and

**WHEREAS**, RBD has admitted liability to North Offshore for certain of the Norwegian Awards and/or North Offshore's claims brought in the Pending Norwegian Arbitration; and

**WHEREAS**, RBD and North Offshore have agreed to use the Attached Funds to pay a portion of RBD's admitted liability arising out of the Norwegian Awards and/or North Offshore's claims brought in the Pending Norwegian Arbitration; and

**WHEREAS**, RBD and North Offshore have agreed to cease prosecution of their respective Rule B attachment proceedings pending resolution of the Pending Norwegian Arbitration and RBD's Norwegian Lawsuit through appeals, if any; and

**WHEREAS**, by agreement of RBD and North Offshore, the Attached Funds are to be conveyed to North Offshore by RBD by means of a consent order directing the Garnishees to turn over the Attached Funds to North Offshore and disburse the Attached Funds in accordance with North Offshore's instructions.

**NOW, THEREFORE**, it is hereby Ordered that:

1. RBD no longer has any right, title or interest in the Attached Funds.

2. North Offshore is awarded all right, title and interest in the Attached Funds.

3. The Garnishees are directed to disburse the Attached Funds in their possession in accordance with North Offshore's instructions, as will be identified in a separate signed letter from North Offshore's attorneys Holland & Knight LLP and sent to the Garnishees after the issuance of this Consent Order.

4. The payment of the Attached Funds by the Garnishees will not be subject to further attachment in New York after the Attached Funds are released by the Garnishees.

5. Both this case and the related RBD Rule B Proceeding are dismissed without prejudice and with each side to bear its own costs and expenses (the RBD Rule B Proceeding to be dismissed according to the accompanying Stipulation of Dismissal Without Prejudice to be

3

entered in the RBD Rule B Proceeding), and the Orders of Attachment in this proceeding and in the RBD Rule B Proceeding are hereby vacated.

6. RBD shall not re-commence a Rule B proceeding on its claims brought in RBD's Norwegian Lawsuit until 30 days after any judgment that RBD may receive in RBD's Norwegian Lawsuit or, should an appeal or appeals of the trial court's decision in RBD's Norwegian Lawsuit be taken, 30 days after any such appeal(s) are decided.

7. North Offshore shall not re-commence a Rule B proceeding on its claims arising out of the Norwegian Awards or brought in the Pending Norwegian Arbitration until 30 days after any award that North Offshore may receive in the Pending Norwegian Arbitration or, should an appeal or appeals of the Pending Norwegian Arbitration award be taken, 30 days after any such appeal(s) are decided.

Dated: September 5, 2008
New York, New York

BLANK ROME LLP

By: _____
Jeremy Harwood
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
212 885-5000
jharwood@BlankRome.com
*Attorneys for Defendant*
*Rolv Berg Drive AS*

HOLLAND & KNIGHT LLP

By: _____
Michael J. Frevola
Christopher R. Nolan
195 Broadway
New York, New York 10007
(212) 513-3516
michael.frevola@hklaw.com
*Attorneys for Plaintiff*
*North Offshore AS*

SO ORDERED:

_____           Sept 11, 2008
U.S.D.J.                          Date

4